# McBryde v. Rhodes.

*Application to Establish Lost Record.*

1. *Lost Record; what evidence necessary to establish.*—Where, on the
hearing of a petition in the probate court, to establish a lost record of
proceedings, orders and decrees in said court touching the sale by an ad-
ministrator of lands belonging to his intestate, and of the deed made by
such administrator conveying the lands to the purchaser at such sale, the
evidence failed to show that any petition was filed by the administrator
praying an order of sale, or that any testimony was taken, or that any
order of sale was granted, or that any report of sale, or of the payment
of the purchase-money was made, or that the sale was confirmed, or that
an order to make title was granted,—a decree of the court, in the absence
of such evidence, establishing and substituting the record as prayed in
the petition, is erroneous.

APPEAL from Conecuh Probate Court.
Tried before Hon. F. M. WALKER.
The petition in this cause was filed by John Rhodes, the ap-
pellee, for the purpose of establishing a record of the proceed-
ings, orders and decrees had and entered in said court relating
to the sale of lands belonging to the estate of John McBryde,
deceased, by William A. Northcutt, his administrator, to Jo-
seph Lundy and John G. Guice, under whom the petitioner

claims, and also of the deed conveying the lands to said purchasers, all of which are alleged to have been destroyed by fire. The petition was resisted by Mary J. McBryde and others, appellants, who are the heirs of the said John McBryde, deceased. On the hearing, the lower court rendered a decree establishing the record as prayed in the petition; and this decree is here assigned as error.

J. W. POSEY, for appellant.

G. R. FARNHAM, *contra.*

(No briefs came to the hands of the reporter.)

STONE, J.—The present case arose out of an application to establish a lost record, and the bill of exceptions affirms it contains all the evidence. We think the proof reasonably shows that John McBryde died the owner of the lands in controversy; that Northcutt was appointed his administrator; that he, Northcutt, sold the lands in controversy to the highest bidder; that Lundy & Guice became the purchasers; that they paid the purchase-money; that Northcutt as administrator made them a title in 1863, and that they, and those claiming under them, have ever since held possession of the lands. There is an entire absence of proof of every other averment in the petition, showing the authority of Northcutt to make the sale and conveyance. There is not a semblance of evidence that any petition was filed, praying an order of sale, that any testimony was taken, that any order of sale was granted, that any report of sale, or of payment of the purchase-money was made, or that the sale was confirmed, or an order to make title granted. These facts, and the contents of the petition, may be very difficult of proof, owing to the death of most of the parties who participated in them; but courts can find facts only on evidence before them. The Probate Court erred in the decree rendered.—*Bishop v. Hampton,* 19 Ala. 792; *Shorter v. Sheppard,* 33 Ala. 648; *Smith v. Wert,* 64 Ala. 34.

Reversed and remanded.