[Gilchrist v. Shackelford.]

# Gilchrist *v.* Shackelford.

*Bill in Equity by Purchaser of Lands at Sale under Probate Decree, for Injunction of Action at Law by Administrator, and Conveyance of Title by Heirs..*

1. *Purchase at tax-sale.*—Held, on the authority of *Oliver v. Robinson,* 58 Ala. 46, that "neither the averments nor proofs in this case," as to a purchase of lands at a sale for unpaid taxes assessed against owners unknown, " are sufficient to effect a devestiture of title for non-payment of taxes."

2. *Sale of lands by administrator.*—An administrator's power to sell the lands of his intestate is purely statutory; and unless he files a petition, containing the necessary averments to give the Probate Court jurisdiction to order a sale, that court can make no valid order of sale, save when the parties in interest are all adults, and of sound mind. A sale made without a valid order, based upon a proper petition filed, and upon depositions taken as in chancery cases, is absolutely void, and confers no title; but, if the parties are all adults, and of sound mind, it is not necessary, in a collateral attack, that the record shall show that the proof was taken by deposition.

3. *Description of lands in petition.*—" Eighty acres of land, lying north of Courtland, and east of the Lamb's Ferry road," without other descriptive words in the petition, is not a sufficient description of the lands sought to be sold (Code, § 2450), but is void for indefiniteness and uncertainty.

4. *Averments of bill by purchaser, to compel conveyance of legal title.*—When a purchaser, or sub-purchaser, of lands sold by an administrator under an order or decree of the Probate court, files a bill in equity in the nature of a bill for specific performance, seeking to obtain a conveyance of the legal title from the heirs, and to enjoin an action at law by a succeeding administrator, he must aver and prove the facts which give the court jurisdiction to order the sale; and the averment of mere legal conclusions—as, "appropriate allegations," "proper parties," "legal grounds," etc.—is not sufficient.

5. *Proof of proceedings authorizing sale.*—When the averments of the bill are denied, the *onus* of proving the facts necessary to support the order and sale is on the complainant; and these facts are properly proved by a transcript from the record of the Probate Court, if in existence; and if the record has been lost or destroyed, it must be proved as other disputed facts are proved.

6. *Application of purchase-money to debts of estate; correspondence of allegations and proof.*—If the complainant fails to prove the facts necessary to sustain the validity of the sale, he can not have relief because the proof shows that the purchase-money was applied in paying the debts of the estate, when that fact is not averred in the bill.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 11th April, 1878, by Philip P. Gilchrist, against E. P. Shackelford, as the adminis-

[Gilchrist v. Shackelford.]

trator *de bonis non* of the estate of John J. McMahon, deceased, and the several heirs at law of said decedent; and sought to enjoin an action at law, which said administrator had brought against the complainant to recover the possession of a tract of land, and to compel a conveyance of the legal title to the land by the said heirs. The land was described in the bill, and in the complaint in the action at law, as "a tract of land near the town of Courtland, containing about eighty acres, more or less, and bounded on the north by lands of John B. Hawkins, on the east by the Courtland and Lamb's Ferry road, on the south by the graveyard and lands of E. P. Shackelford and Mrs. J. M. Swoope, and on the east by the lands of A. J. Sykes." The complainant held the land under a conveyance from John A. Gilchrist, and claimed that said John A. purchased it at a sale made by J. C. Baker, the administrator in chief of said McMahon's estate. As to this sale and purchase, the bill contained the following allegations:

"Your orator shows that, after the death of said John J. McMahon, J. C. Baker, then a citizen of said county of Lawrence, was duly appointed and qualified as the administrator of his estate; and, as such administrator, duly filed his petition in the Probate Court of said county, with appropriate allegations, and making proper parties, and on legal grounds asked of said court a decree for the sale of the lands sued for as above alleged, together with other large tracts of land, the property of said estate, and lying in said county. Said petition described the land now in controversy as 'eighty acres of land, lying north of Courtland, and east of the Lamb's Ferry road;' and complainant avers that the same was the only isolated tract of eighty acres belonging to said estate that [could] be appropiately so described; and said petitioner asked the decree of said court for the sale of said land, for one-third of the purchase-money to be paid [in cash, and the residue to be paid?] on the 1st day of January, 1861, with interest from the 1st January, 1860. Said petiton was filed in August, 1859, and said decree was granted on the 10th October, 1859; and on said 10th October, 1859, said sale was advertised in the *Moulton Democrat*, a newspaper published in said county, in pursuance of an order of said court, describing said lands and town lots, the order of sale and the terms thereof, and signed by said Baker as administrator. Your orator further shows, that on the said 14th November, 1859, in pursuance of said decree and advertisement, said Baker, as administrator, did sell said lands so advertised; that said eighty acres of land above described was bid off at said sale and purchased by John A. Gilchrist, on the terms as advertised, at the price of —— dollars per acre, aggregating the sum of $2,000; that said Gilchrist paid one-third of said purchase-money in cash, and gave his note for the balance, pay-

[Gilchrist v. Shackelford.]

able January 1st, 1861, with interest from January 1st, 1860; that said Baker, as such administrator, duly reported the sale of said lands to said Probate Court on the 20th February, 1860, and said report was recorded by said court, and said sale was also duly approved. And complainant further shows, that the said John A. Gilchrist, after the maturity of the said note for the balance of the purchase-money, fully paid off and discharged the same, and said note was delivered up and surrendered to him by said Baker, with marks of cancellation and payment across the same by said Baker; but, the war coming on immediately after the maturity of said note, the further proceedings in said Probate Court, properly following the payment of said note, were not had in said court. So far as complainant knows or believes, said administrator never made any report of the payment of the balance of said purchase-money, nor was any application ever made for an order to make title to said John A. Gilchrist, and no title was ever made to him by said Baker. The records of the Probate Court of said county, during the time which embraces the entries aforesaid, were destroyed during the late war; so that your orator is unable to produce copies of the transactions above recited."

The bill contained, also, the following allegations: "Your orator further shows, that the taxes on said land for 1869 were not paid, and that for default thereof, on the 10th March, 1870, after all legal and regular steps by the assessor and collector of taxes, the said lands were sold by the tax-collector, the said tax being assessed to owners unknown; and at the sale thereof Thomas Masterson became the purchaser of said lands, for the sum of $25, that being the tax, penalty, and expenses of the same, together with other lands in the same assessment; and the said Masterson, on the 10th March, 1872, transferred his certificate of purchase to your orator; and that on the 25th March, 1872, Hon. John A. McDonald, the probate judge of said county, executed a deed to your orator for said lands. The said original deed is lost, or mislaid, so that your orator can not find the same, though he has made diligent search for it, but the same is recorded;" and a copy was made an exhibit to the bill. This deed, as shown by the exhibit, recited that a quarter-section of land, particularly described by number, township and range, "was subject to taxation for the year 1869;" that said taxes remaining due and unpaid, on the 10th March, 1870, the tax-collector, " by virtue of authority vested in him by law, at an adjourned sale which was begun and held on the first Monday in March, 1870, did expose to sale at the court house in said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the said real property above described, for the payment of the

[Gilchrist v. Shackelford.]

taxes, interest, penalties and costs then due and remaining un-
paid;" that Masterson became the purchaser of said quarter-sec-
tion, "which was the least quantity bid for," at the price of $25,
which he paid to the tax-collector; that Masterson afterwards
transferred his certificate of purchase to said P. P. Gilchrist;
that two years had elapsed since the sale, and the land had not
been redeemed, &c.

The administrator answered the bill, denying all its material
allegations as to the sale of the lands under the probate decree
—that a proper petition was ever filed, or that the proper par-
ties were brought in, or that the purchase-money was paid, &c.;
and requiring strict proof of all these allegations. He also de-
murred to the bill, for want of equity, because it showed that
the alleged order for the sale of the lands was void for uncer-
tainty and indefiniteness in the description thereof; and because
the complainant, if he acquired any title by his alleged pur-
chase at the tax-sale. had an adequate remedy at law; and on
several other grounds specifically assigned. The other defend-
ants adopted the answer and demurrer of the administrator.

The complainant took the deposition of John A. Gilchrist,
who testified, that he bought the land at a sale "conducted by
said J. C. Baker, who claimed to act under a decree of the
Probate Court;" that he paid one-third of the purchase-money
in cash, according to the terms of the sale, and gave his note
for the residue, as alleged in the bill; that this note was after-
wards settled, by agreement between him, said Baker, and Rob-
ert G. McMahon, to whom the estate of said John J. McMahon
was indebted, by his giving a draft on his commission-merchants
in Huntsville, in favor of said Robert G. McMahon, and said
Baker then delivered up his note, having written the word
"*Settled*" across the face of it. He produced the note, which
purported to be given for "second and last payment on the
purchase of eighty acres of land north of Courtland;" and tes-
tified that the word "*Settled*," written across the face of it, was
in the handwriting of said J. C. Baker. The defendants object-
ed to the competency of this witness to testify as to any trans-
actions between himself and said Baker, and moved to suppress
those portions of his testimony.

The complainant also took the deposition of the probate
judge of the county, who testified to the destruction of the rec-
ords and papers of his office during the war, by the United
States soldiers under Gen. Streight; and he appended to his
deposition a certified transcript, purporting to contain "all the
records of my [his] said office relating to the estate of John J.
McMahon, having any connection with the sale of property of
said estate." The following are the material portions of this
transcript: "State of Alabama, Lawrence County. Probate

[Gilchrist v. Shackelford.]

Court, February Term, 1860. On the application of J. C. Baker, administrator of the estate of J. J. McMahon, deceased, it is ordered by the court, that the inventory of property and report of sale, as returned and sworn to by said administrator, be received and admitted to record, which is in the words and figures following, to-wit: Inventory of property belonging to the estate of J. J. McMahon, deceased, appraised, advertised, and sold by order of court, November 14, 1859. Terms of sale, one-third cash, January 1st, 1860; balance due January 1st, 1861, bearing interest from date. . . . Eighty acres of land north of Courtland, being a part of S. E. ¼ of section 18, T. 4, R. 4, sold to John A. Gilchrist, subject to survey, for $30.01—$2,400.80. On surveying these 4 acres, at $30.01—$120.04, to be secured by bill on Scruggs, Donegan & Co. . . The land was not surveyed until the 14th February, three months after the sale; hence the delay in making the return. The land sold to Gilchrist, advertised as 80 acres, surveyed 84 acres. . . I hereby certify, that the above statement of sale is correct." This was signed by Baker as administrator, and purported to be sworn to before a justice of the peace, but without date.

The complainant also offered in evidence the deed of the tax-collector, but adduced no evidence of the proceedings on which the sale was founded; and the defendants objected to the admission of the deed as evidence.

The chancellor overruled the demurrers to the bill, but dismissed it, on final hearing on pleadings and proof, on the ground that the complainant had failed to make out his case.

The decree dismissing the bill is now assigned as error.

D. P. Lewis, and E. H. Foster, for appellant.—Though the evidence may not be sufficient to establish a valid petition and order of sale, the records having been destroyed, it is shown beyond controversy that a sale was made by Baker, as administrator, under proceedings had in the Probate Court; that Gilchrist became the purchaser, and paid the purchase-money; and that it was applied to the lawful purposes of the administration, in the payment of the debts of the estate. On these facts, there being no allegation or pretense of fraud, the purchaser may ask a court of equity to compel the heirs to make him a title, or to refund the purchase-money, even though the order of sale was void.—*Bland v. Bowie*, 53 Ala. 152–62; *Bell v. Craig*, 52 Ala. 117; *Pickens v. Yarborough*, 30 Ala. 408; *Smith v. Wert*, 64 Ala. 34. As bearing on other questions that may arise in the case, the following authorities are relied on: Bigelow on Estoppel, 514; *Maneely v. McGee*, 4 Amer. Dec. 105; *Griffith v. Townley*, 33 Amer. Rep. 476; *Grignon v. Astor*, 2 How. U. S. 340; *Thompson v. Tolmie*, 2 Peters, 162;

[Gilchrist v. Shackelford.]

*Palmer v. Gurnsey*, 7 Wendell, 248; *Decker v. Livingston*, 15 Johns. 479; 9 Wendell, 520; 1 Phil. Ev. §§ 703, 603; *Ib.* 675, note 2.

PHELAN & WHEELER, *contra.*—The testimony of John A. Gilchrist, as to his purchase of the land at a sale by Baker, and other transactions between him and Baker, was not competent evidence.—Code, § 3058; *Stallings v. Hinson*, 49 Ala. 92; 46 Ala. 580; *Alexander v. Hoffman*, 70 Ill. 114. There is no legal proof of any sale by the administrator under proper proceedings—no proof that any petition was ever filed, or any order of sale based on it. The case stands as if the land had been sold by the administrator without any order of court, and without any authority whatever; and such a sale is void.—*Ashurst v. Ashurst*, 13 Ala. 781; *Fambro v. Gantt*, 12 Ala. 298; *Bartee v. Tompkins*, 4 Sneed, 622. The decree and proceedings for the sale must be proved by the record, or a certified copy.—*Lyon v. Bolling*, 14 Ala. 753. If the record has been destroyed, the only remedy is to substitute the lost record.—*Bishop v. Hampton*, 19 Ala. 792; 2 Brick. Dig. 393-4. The proof failing to sustain the case made by the bill, the complainant can not have relief based on the application of the purchase-money; since, if that fact was fully proved, it is outside the allegations and prayer of the bill.

STONE, J.—The present bill was filed to enjoin an action of ejectment, and to obtain title to lands, in the nature of an application for specific performance. It rests on two distinct claims; first, purchase at tax-sale, and title derived thereunder. If Gilchrist acquired any title under that purchase and conveyance, it was and is purely legal, and can not aid the equity of the present bill. But neither the averments nor proofs of that sale and conveyance are sufficient to effect a devestiture of title for non-payment of taxes.—*Oliver v. Robinson*, 58 Ala. 46.

The main ground of relief is the alleged purchase at administrator's sale. On this question we feel constrained to hold, with the chancellor, that the complainant has failed to make out his case. The power in the administrator to sell the lands of his intestate is purely statutory; and unless he files a petition, containing the necessary averments to give the court jurisdiction, the Probate Court can make no valid order of sale. Save when the parties are all adults, and of sound mind, a sale made without an order of court therefor, based on a proper petition filed, and upon depositions taken in writing as in chancery cases, is absolutely void, and confers no title.—*Satcher v. Satcher*, 41 Ala. 26; *Pettus v. McClannahan*, 52 Ala. 55; *Robertson v. Bradford*, 70 Ala. 385. And even when the parties are all

adults, and of sound mind, all the foregoing requisites must be conformed to, except that on collateral assault, it is not necessary that the record shall show that the proof was taken by deposition.

The averments of the present bill, as to what the petition to the Probate Court contained, are fatally defective. The description of the land in the petition for the order of sale, as averred in the bill, falls below the requirements of the statute. Code of 1876, § 2450. The language employed in this description is, "Eighty acres of land, lying north of Courtland, and east of the Lamb's Ferry road." The statute declares, the petition "must describe the lands accurately." The description, as averred in this bill, is void for uncertainty.

There are many other jurisdictional averments, necessary to a valid petition, which this bill fails to show were made. The petition, to be sufficient, must expressly state one of the statutory grounds authorizing a sale. Without this, the court never acquires jurisdiction to order a sale; and a sale made under an order, granted otherwise than on such petition, confers no title, legal or equitable. A bill, such as this, which seeks to perfect a title to lands purchased at administrator's sale, must expressly aver the existence of the facts which gave the Probate Court jurisdiction to order the sale; and they must be expressly averred, not as conclusions, but as specified facts. "Appropriate allegations," "proper parties," "legal grounds," are wholly insufficient. The bill should have set forth what were the allegations, who were the parties, and what was the ground on which the order was prayed.—*Robertson v. Bradford,* 70 Ala. 358; *Tyson v. Brown,* 65 Ala. 244. Sometimes these averments are supplied by making a transcript of the probate proceedings an exhibit to the bill, but that was not done in this case. And, when, as in this case, the averments of the bill are denied, the *onus* is on the complainant to prove them. This is done by the production of the probate record, properly authenticated, when it is in existence. If destroyed, it must be proved as other disputed facts are proved.—*McBryde v. Rhodes,* 69 Ala. 133; *Smith v. Wert,* 64 Ala. 34. Both the averments and proof in this case are wholly insufficient.

It is contended for appellant, that, even if the record fails to show the Probate Court acquired jurisdiction to order the sale, he is entitled to relief, because the estate got the benefit of the purchase-money, in having its debt cancelled to that extent. *Bell v. Craig,* 52 Ala. 215, and *Bland v. Bowie,* 53 Ala. 152, are relied on in support of this position. A complete answer to this argument is found in the fact, that the bill contains no averment to let in such proof. Relief can not be granted on

[Berry, Demoville & Co. v. Sowell.]

allegations without proof, nor on proof without allegations.—1 Brick. Dig. 743, §§ 1538 *et seq*.

Affirmed.