# Meadows *v.* Meadows.

*Petition for Sale of Lands, by Administrator of Insolvent Estate.*

1. *Sale of lands of insolvent estate; proof of debts.*—Under the statute approved February 13th, 1879, authorizing the sale of lands for the payment of debts, on the application of an executor or administrator, after the estate has been declared insolvent, "without taking testimony" (Sess. Acts 1878–9, p. 164), the legislative intent was, not simply to dispense with the necessity of taking depositions as in chancery cases, but to substitute the decree of insolvency for proof of the existence of debts, and of the insufficiency of the personal assets.

2. *Same; proof of ownership of lands.*—Proof of the decedent's uninterrupted occupancy of the lands, with open acts of ownership, for more than twenty years, is sufficient proof of his ownership, in the absence of any evidence that he did not enter or hold in his own right.

3. *Same; competency of administrator as witness.*—Such occupancy may be proved by the testimony of the personal representative who makes the application for the sale, such evidence not falling within the prohibition of the statute (Code, § 3058) as to transactions with and statements by a deceased person, whose estate is interested in the result of the suit.

4. *Same; pendency of former petition.*—A former petition for an order to sell the lands, filed before the estate was declared insolvent, and still pending, can not be pleaded in abatement of the application.

5. *Same; pending proceedings for an assignment of dower.*—If dower has been assigned to the widow in a portion of the lands, the decree of sale should distinguish between the lands subject to dower, in which only the reversion could be sold, and the unincumbered portion; and if the proceedings for an assignment of dower are pending when the petition for an order of sale is filed, "it would be better to withhold the order of sale until the matter of dower is determined."

APPEAL from the Probate Court of Lee.

Heard before the Hon. THOMAS L. FRAZER.

In the matter of the insolvent estate of Isham Meadows, deceased, on the application of W. K. Meadows, as administrator *de bonis non,* for an order to sell the lands for the payment of debts. Said decedent died on the 11th January, 1879, having executed his last will and testament, which was duly admitted to probate after his death, and of which his widow and four sons were nominated as executrix and executors, they being also the devisees and legatees under its provisions. The widow dissented from the will, and claimed her dower interest and distributive share of the estate; her dissent in writing being filed on the 9th August, 1879. On the 17th August, 1881, the administrator filed a petition in said Probate

[Meadows v. Meadows.]

Court, asking an order to sell the lands for the payment of debts, and the order was granted by the court as prayed; but its judgment was reversed by this court on appeal, at the instance of the heirs and distributees, and the cause remanded. *Meadows v. Meadows*, 73 Ala. 356. On the 13th February, 1882, a petition was filed by the administrator, asking an assignment of dower to the widow; and commissioners being thereupon appointed by the court, they made their report in writing to the court on the 10th May, 1883, which was marked " Report approved, and assignment confirmed, this 2d February, 1884." The estate was declared insolvent, on the report of the administrator, on the 15th August, 1883; and the petition to sell the lands for the payment of debts, on which was founded the decree from which this appeal is prosecuted, was filed on the 15th October, 1883.

The heirs filed a demurrer to the petition, and a separate demurrer was filed by the widow; and these demurrers being overruled, the heirs filed a plea in abatement, setting up the former petition for a sale of the lands, and alleging that it was still pending and undecided. The court struck this plea from the files, on motion, and the heirs then filed a plea in bar, " denying the facts set forth in said petition," on which issue was joined. On the hearing, as the bill of exceptions shows, the administrator offered in evidence the testator's will, the widow's dissent from its provisions, and the petition for an allotment of dower to the widow; to each of which the heirs objected, on the ground of irrelevancy, and to the petition for dower on the additional ground, " because there has been no confirmation of said report entered of record." The court overruled the objections, and admitted the evidence; and the heirs duly excepted. The administrator was then introduced as a witness for himself, and testified, in substance, that the decedent resided on the lands at the time of his death, and had resided on them for more than twenty years. The heirs objected to this evidence, and also to the competency of the administrator to testify to the facts stated; and they duly excepted to the overruling of their objections, and to the admission of the evidence. Another witness for the administrator testified to the same facts, but further stated, on cross-examination, that some of the heirs were in possession of a part of the lands at the death of the decedent. " This was all the evidence, and the court thereupon granted the order of sale as prayed; to which action and decree of the court the heirs jointly and severally excepted."

The decree granting the order of sale, and the rulings of the court on the pleadings and evidence, are now assigned as error.

16

[Meadows v. Meadows.]

JNO. M. CHILTON, for appellant.

W. H. BARNES, *contra.*

STONE, C. J.—The present appeal requires us to construe the act " to authorize administrators and executors of insolvent estates to sell the lands of said estates for the payment of debts, without taking testimony, after the estates have been declared insolvent by the courts of this State," approved February 13th, 1879.—Pamph. Acts, 164. We can not agree with appellants, that the purpose of this statute was simply to relieve petitioners of the duty of taking their testimony in the form of depositions, as in chancery cases. We think the legislative intent was to substitute the decree of insolvency for proof that there were debts of the estate to be paid, and that the personal assets were insufficient therefor. There is nothing in this objection.

2. Neither is there anything in the objection, that the proof of the testator's ownership of the land sought to be sold was either insufficient or illegal. His uninterrupted occupancy of the land, with open acts of ownership, for more than twenty years, gave him a title against the world, in the absence of proof that he did not enter or occupy in his own right.

3. Nor was the administrator an incompetent witness to prove such occupancy. It was neither a transaction with, nor a statement by the deceased.—Code, § 3058; *Miller v. Clay,* 59 Ala. 162; *Tisdale v. Maxwell,* 58 Ala. 40; *Kumpe v. Coons,* 63 Ala. 448.

4. Nor do we think the Probate Court erred in rejecting the plea of former suit pending. The second petition was filed after the estate was declared insolvent. The claim it sets up for relief, rests on entirely different principles from those asserted in the first, and is supported by entirely different testimony. The causes of action are not one and the same.

5. But, in the final decree, there is matter for comment. A petition had been filed, and an order made, allowing dower to Mrs. Meadows. Commissioners had been appointed to lay it off, and they had made their report of allotment. That report, however, had not been confirmed, nor acted on. It could not be known, in the then state of the proceedings, precisely what lands the dower would cover. The decree should distinguish between those lands, the entire title to which, with immediate enjoyment, was ordered to be sold, and the dower lands, in which only the reversion could be sold. This could not be done, until the report of the commissioners was acted on, and the allotment made the decree of the court. Both lines of proceeding being in progress in the same court at the

[Brigham & Co. v. Carlisle.]

same time, it would have been better to withhold the order of sale, until the matter of dower was determined. This was important, that bidders for the various parcels might know the *quantum* of interest they would acquire by the purchase. It would have contributed to make the lands bring their proper value.

What we have said relates to proceedings when the two lines of contention are travelling *pari passu*. We do not intend to deny the power and right of the Probate Court to order a sale of lands of a decedent, subject to the widow's right of dower.

The irregularities pointed out are intended as a guide in cases like the present. They are not enough to secure a reversal on the present appeal.

Affirmed.