[Henley v. Johnston, Admr. etc.] ·

# Henley *v.* Johnston, Admr. &c.

*Petition by Administrator for Sale of Land for Payment of Debts.*

1. *Sale of decedent's land for payment of debts; by whom petition filed.*—As the personal representative is alone authorized to prefer an application for the sale of lands for the payment of debts, a decree of sale is void unless the proceedings were instituted and maintained by him.

2. *Same; administrator de bonis non; appointment of; void sale.* A decree for the sale of decedent's land for the payment of debts is void, where petitioner's appointment as administrator *de bonis non* is void.

3. *Jurisdiction of probate court as to appointment of administrator de bonis non; presumptions.*—The courts of probate be-

ing courts of original, unlimited and general jurisdiction in the appointment of administrators *de bonis non*, where the validity of one's appointment as such is in dispute, it will be presumed, in the absence of an affirmative showing to the contrary, that there was a vacancy in the administration, by resignation or removal or death of the former administrator, to sustain the order of court in granting the letters.

4. *Administrator de bonis non; jurisdictional averments in petition.*—Where a petition for letters *de bonis non* shows that petitioner had been former administrator and had performed the duties of said administration, his final accounts being stated, audited and approved on a certain date, and that there are unadministered assets of the estate, and unpaid debts, and that the estate is insolvent,—such averments give the court jurisdiction to appoint an administrator *de bonis non*, although there is no averment that said former administrator had been discharged from that office by an order of court.

5. *Decree of sale; administration in chancery court.*—A decree of sale of lands for the payment of debts, rendered by the probate court on the petition of an administrator *de bonis non*, will not be set aside or reversed because it appears that the former administration was in the chancery court and there is no positive allegation that the former administration has been wound up, as the court will presume that the former administration is not still pending.

6. *Same; insolvent estates; evidence.*—On application for the sale of lands of an estate which has been declared insolvent, the decree of insolvency makes a *prima facie* case of necessity for the sale, dispensing with the necessity of taking depositions to show the existence of debts and the insufficiency of personal assets.

7. *Same; averment of petition as to ownership of lands.*—A petition for the sale of lands for the payment of debts sufficiently shows that decedent at the time of his death owned a legal or equitable right or interest therein, which avers that decedent "died seized and possessed of certain interests and rights, not definitely known to petitioner, and to" certain described lands.

8. *Same; description of lands in petition, when insufficient to support decree of sale.*—In a petition for the sale of lands for the payment of debts, a description of the lands sought to be sold as "E. ½ of N. W. ¼, 8—13—15," is insufficient to support a decree of sale, not denoting with sufficient accuracy, the section, township and range in which the lands are located.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. J. P. STILES.

This was a petition filed by Joseph F. Johnston, as administrator *de bonis non* of the estate of Thomas Peters, deceased, for the sale of land for the payment of debts of the deceased. The petition averred that the personal property of the estate was insufficient for the payment of the debts thereof; that the decedent died seized and possessed of certain interests and rights not definitely known to petitioner in certain lands as described in the opinion; that the estate had theretofore been declared insolvent by the chancery court of Jefferson county, Alabama, which had jurisdiction thereof; and that it was necessary to sell said real estate to pay the debts thereof; that Tom P. Henley was the only heir of said estate, and giving his age, condition and residence. The petition for letters of administration *de bonis non* and its averments are sufficiently described in the opinion, as well as such other facts as are necessary to an understanding thereof. From a decree granting the prayer of the petition and ordering a sale of the property, Henley appeals, assigning the rendition of said decree as error.

SMITH & SMITH, for appellant.—(1.)  The chancery court having acquired jurisdiction retains it for all purposes, and the probate court was without jurisdiction to grant the letters *de bonis non*.—Constitution, 1901, § 149; *Tygh v. Dolan,* 95 Ala. 269; *Blakey v. Blakey,* 9 Ala. 391; *Cowles v. Pollard,* 51 Ala. 445; *Bieler v. Dreher,* 129 Ala. 384.   (2.)  The record affirmatively shows that the administration in the chancery court has been there finally settled, and, therefore, the petition for sale in the probate court is void.—*Tygh v. Dolan,* 95 Ala. 269; *Beasley v. Howell,* 117 Ala. 499; *Bean v. Chapman,* 73 Ala. 140; *Lunsford v. Lunsford,* 122 Ala. 242. (3.)  The petition for sale does not affirmatively aver that decedent owned a legal or equitable interest or right in said real estate.—*Petit v. Petit,* 32 Ala. 305; *Wharton v. Moragne,* 62 Ala. 201; *Jones v. Woodstock,*

*I. Co.,* 95 Ala. 552; *Goodwin v. Forman,* 114 Ala. 489. (4.) The administration in chief having been concluded in 1894, after the final settlement of the estate, no further administration can be had, unless the final settlement is reopened in a court of equity for sufficient cause, without fault or negligence on the part of the party complaining.—*Tygh v. Dolan,* 95 Ala. 269; *Bowden v. Perdue,* 59 Ala. 413; *Hoffman v. Beard,* 32 Mich. 218; *Craxton v. Renner,* 103 Ind. 223.

FORNEY JOHNSTON, *contra.*—(1.) While probate courts are of limited jurisdiction in the matter of sales of land (*Sermon v. Black,* 79 Ala. 507; *Robertson v. Bradford,* 70 Ala. 385;) and the record must disclose a proper and sufficient application showing a legal ground for sale, yet, when this appears, the judgment of that court in such matters become entitled to the benefit of the same presumptions as those of courts of general jurisdiction.—*Radford v. Morris,* 76 Ala. 283; *Harrison v. Meador,* 41 Ala. 274; *Davis v. Davis,* 6 Ala. 611. (2.) It is presumed that there is no cause pending in the chancery court.—*Pinney v. Werborn,* 72 Ala. 58; *Wynn v. Simmons,* 33 Ala. 272; *Rountree v. Snodgrass,* 36 Ala. 185; *Burke v. Mutch,* 62 Ala. 568. (3.) Administration in the probate after chancery has taken jurisdiction is not within the contemplation of our statutes. Acts, 1879, 164, Code, § 326. (4.) The petition sufficiently shows decedent's interest in the land.—*DeBardeleben v. Stoudenmire,* 48 Ala. 643; *Smith v. Flournoy,* 47 Ala. 345; *Money v. Turnipseed,* 50 Ala. 499; *Austin v. Willis,* 90 Ala. 421.

TYSON, J.—The order of the probate court granting letters of administration is not appealed from, and its validity is only involved in the attack made upon the decree ordering a sale of the lands of the intestate to pay debts upon the petition of the administrator to whom letters of administration *de bonis non* had been heretofore granted. The right to prefer the application to have the lands sold to pay debts devolves alone upon

the personal representative. It is, therefore, essential to the validity of the decree of sale that the proceeding be instituted and maintained by him.—§ 155 of Code; Landford v. Dunklin, 71 Ala. 574. It follows, therefore, that if the petitioner's appointment as administrator de bonis non was void, that the decree of sale was void. Was his appoointment void? In answering this question it is well to bear in mind that this is a collateral attack upon the order granting the letters to him. In the mater of appointment of an administrator de bonis non courts of probate are courts of original, unlimited and general jurisdiction, just as they are in the exercise of their jurisdiction in the appointment of an administrator in chief. "Nothing is intended to be without its jurisdiction except that which so appears specifically." In other words, it must be presumed, in the absence of an affirmative showing to the contrary, that there was a vacancy in the administration by resignation or removal of the former administrator to sustain the order of the court in granting the letters.—Ikelheimer v. Chapman, 32 Ala. 676; Sims v. Waters, 65 Ala. 442; Gray v. Cruise, 36 Ala. 559; Allen v. Kellam, 69 Ala. 442; Bean v. Chapman, 73 Ala. 140; Landford v. Dunklin, supra.

In the petition for letters it is shown that the petitioner had been former administrator and had performed the duties of said administration, his final accounts being audited, stated and approved on about the 12th day of February, 1894, and that there are assets belonging to said estate unadministered, that the estate is insolvent and that the debts have never been paid in full.

It is not shown by the averments of this petition or otherwise whether the petitioner as former administrator had been discharged by an order from his office as administrator. If he had, the fact that he made a final settlement and was discharged is entirely consistent with the presumption that he did so after resigning or his removal for cause from office. If he was not discharged by an order, then the order appointing him administrator de bonis non and his act of qualifying as such amounted to a relinquishment or resignation of his

former letters.—*Turner v. Wilkins,* 56 Ala. 173.   So, then, in either aspect, the grant of letters is not void; and as administrator *de bonis non* he is the proper person to make application for the sale of the lands of the decedent to pay the debts of the estate.

It cannot be doubted that the lands are subject to the payment of the debts of the decedent if the personal property is insufficient to pay them, and that they may be subjected by the probate court upon proper application of the administrator *de bonis non.*   That they are still the property of the decedent and that there are debts still unpaid is clearly shown by the averments of the petition.   It is also shown that the personal property was insufficient to pay the debts and the estate has been decreed to be insolvent by a court of competent jurisdiction.   The decree of insolvency makes a *prima facie* case of necessity for the sale of the lands, dispensing with the necessity of taking depositions as in chancery cases, substituting the decree for proof of the existence of debts and of the insufficiency of personal assets.—§ 326 of Code; *Meadows v. Meadows,* 78 Ala. 240; *Dolan v. Dolan,* 89 Ala. 256; *Chandler v. Wynne,* 85 Ala. 301.

It is insisted, however, that the decree of sale should not stand because it appears that the former administration of the estate was had in the chancery court. This may be conceded, but it is not made to appear that the administration is still pending in that court.   For aught appearing, that court has wound up the former administration and has not now a right to exercise its jurisdiction in the further administration of the estate. No objecton or defense of this sort appears to have been interposed in the court below, and there is nothing in the record which would justify the conclusion that the fact exists.   We certainly cannot presume it in face of the rule that requires us to indulge the presumption of correctness in favor of the decree appealed from until error is shown.

Again it is objected that the petition is defective in that it fails to show by the allegations that the decedent, at the time of his death, had or owned either a

[Prim & Kimbell v. Hammel.]

legal or equitable right or interest in the lands sought to be sold. There is no merit in this contention. It is distinctly averred that he "died, siezed and possessed of the following described real estate, to-wit: Certain interest and rights, not definitely known to your petitioner in and to about forty-eight tracts of land," etc., etc. It is of no consequence that the interest and rights of the decedent in and to the lands were not definitely known to the petitioner. The fact necessary to be averred is that the decedent owned either a legal or equitable right or interest in the lands sought to be sold.—*Jones v. Woodstock Iron Co.*, 95 Ala. 551. However, it is indispensable that the petition accurately describe the lands.—§ 158 of Code; *Gilchrist v. Shackleford*, 72 Ala. 7; *Wright v. Ware*, 50 Ala. 549. This was not done. Neither does the decree accurately describe them. There is nothing to indicate, with any degree of accuracy, in what section, township and range they are located. Not even the initial letters denoting the section, township and range used to indicate their location by the government survey. It is true some figures are set down, for instance, 8—13—5 opposite to E. $\frac{1}{2}$ of N .W. $\frac{1}{4}$—E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, but what these figures denote or represent is matter purely conjectural. This omission renders the petition defective for which the decree must be reversed. *Wright v. Ware, supra; Long v. Pace,* 42 Ala. 495.

Reversed and remanded.