## Goree et al. vs. State use of Arkansas Co.

Where the sheriff does not execute his bond as collector until after the time prescribed by the statute, the legal intendment is, that it is the bond of the collector for the year in which it was executed, though not so recited in the condition; and neither the collector nor his securities will be heard to set up as a defence to an action upon the bond, that it was not executed within the time prescribed by law.

The general allegations that a collector had failed to settle his accounts, as such, with the county court, is not a sufficient averment of a failure of official duty as will subject his sureties to the penalties prescribed by sections 40 and 41, of *Ch.* 147 *Gould's Dig.*

No action can be maintained against sureties in a collector's bond, until the account of such collector has been adjusted by the county court, and final judgment rendered thereon, upon notice to the collector, or after his death to his administrator, whose duty it is, in such event, to make the settlement with the county court.

*Appeal from Arkansas Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

GARLAND & RANDOLPH, STILLWELL & WOODRUFF, for appellants.

It appears that Cross was dead when the county court settled with him; and of course such settlement was a nullity. Every judgment against a dead man is not merely voidable, but void. 12 *Smedes & Mar.* 67, 538; 5 *Ark.* 128; 2 *Tidd's Pr.* 846; 25 *Miss.* 31, 513.

HEMPSTEAD, for the appellee.

The balance was ascertained agreeably to law, and an order of court was passed charging Cross with the same.

It is not a technical, formal judgment, nor is it necessary that it should be, in a court where pleadings are not required, nor particular forms observed.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This case is similar in some respects to the case of *Lee et al. vs. State use etc. Ante.*

The action was covenant against Goree and others, sureties in the official bond of Cross, as collector of Arkansas county for the year 1856.

The bond, as set out on oyer, is dated 31st May, 1856, and conditioned as follows:

" Conditioned that the above bounden Pleasant P. Cross as sheriff of the county of Arkansas, in the State of Arkansas, shall well and truly do and perform all and singular the duties of ex-officio collector of revenue of the county of Arkansas, in the State of Arkansas, and pay over according to law all moneys that may come to his hands by virtue of his said office"— with the further condition that Cross was to be subject to distress if he failed to pay over the State revenue, etc.

The declaration, after setting out the bond and its condition, alleges that it was executed by Cross, sheriff and ex-officio col-

238     CASES IN THE SUPREME COURT

Goree et al. vs. State use of Arkansas Co.     [OCTOBER

lector of Arkansas county, for the collection of the revenue of said county, for the year 1856, and that the defendants signed and sealed the bond as sureties for said Cross, for the collection of the revenue of said county for said year.

One of the grounds of demurrer to the declaration, which was overruled by the court, was that it did not appear from the condition of the bond for what year the defendants bound themselves as sureties of Cross as collector; and that this omission could not be supplied by an averment and proof.

The statute makes the sheriff of each county ex-officio collector thereof for two years, commencing on the first of January next ensuing his election. *Gould's Dig. Ch.* 148, *sec.* 51.

The sheriff is required, *each year*, before entering on the duties of his office, as collector, to give bond, with security, conditioned for the faithful performance of the duties of his office, and for the well and truly paying over all moneys collected by him by virtue of his office, *Ib. sec.* 52 *and* 53.

The bond sued on bears date 31st May, 1856, and the legal intendment is that it was the bond of Cross as collector for that year, though the condition does not recite the year.

The allegation in the declaration, that the bond was for the year 1856, is but an averment of the legal intendment clearly deducible from the face of the bond and its condition, considered in connection with a public and general statute, and no parol proof is necessary to make the bond effective as such.

It is true that section 53 (*Act of* 22d *January,* 1855,) requires the sheriff to execute his bond as collector on or before the 10th of January of each year, but if he neglects to do so, and afterwards executes it and continues in office, and collects money, etc. in his official capacity, he and his sureties would not be heard to set up his default to give bond within the time prescribed by law, to avoid responsibility on the bond, though for such failure he may be ousted from his office. *Sec.* 56.

The special breach of the condition of the bond, assigned in the declaration, is in substance as follows :

That Cross, sheriff and collector as aforesaid, in his life time,

failed to settle his accounts for the year 1856, with the county court, etc., as required by law; and that neither the administrator of Cross since his death, which occurred on the —— day of ——, A. D. 1857, nor any one else for Cross, had rendered the accounts of Cross as sheriff and ex-officio collector as aforesaid to the county court, etc., and settled with said court for the revenue collected by Cross as collector, etc., for the year 1856.

That at the January term, 1858, of the county court of Arkansas county, the court proceeded to make settlement with the late Pleasant P. Cross, sheriff and collector as aforesaid, and to adjust the accounts of said Cross for the year 1856, according to the best information it could obtain, in which settlement the said court ascertained the balance due from Cross, as such collector, etc., on account of the revenue of said county for the year 1856, to be the sum of $7,890 60, and the court ordered that said sum be charged to said Cross as collector, etc., on account of the revenue for the year 1856.

And it is further alleged that Cross, in his life time, and the defendants since his death, and all others, had neglected and refused to pay over said sum of $7,890 60, found to be due on settlement as aforesaid, but the same remained wholly due and unpaid.

By reason of which failure to pay said sum of money, the plaintiff avers that defendants became and were indebted to the county, etc., as a penalty for said failure, in the further sum of twenty-five per cent. on the amount found due as aforesaid; and also in the sum of fifty per cent. per annum on the said sum of $7,890 60 from the date of said settlement, etc.

The demurrer interposed by the defendants being overruled they rested, and a writ of enquiry was executed, and the plaintiff's damages assessed at $8,255, with interest thereon at six per cent. per annum from the date of the verdict, and judgment was rendered accordingly, from which defendants appealed.

The general allegation in the breach that Cross, in his life

time, failed to settle his accounts, as collector, etc., for the year 1856, with the county court, as required by law, was not a sufficient averment of a failure of official duty on his part, under *section* 37, *Chap.* 147, *Gould's Dig. p.* 922, to lay the foundation of a demand against his sureties for the penalties prescribed by sections 40 and 41 of the same chapter.

If after the death of Cross, his administrator failed to render the accounts of his intestate, as collector, to the county court, and make settlement, the sureties in the official bond of Cross were not subjectd to the penalties prescribed by said sections for such failure of the administrator. They were liable only for the official misconduct of Cross, the principal in their bond, and not for any default of his administrator subsequent to his death.

So much of the declaration, therefore, as averred the right of the plaintiff to recover of the defendants the penalties referred to, was not well founded, and was subject to demurrer.

It does not appear, however, that any judgment was rendered against the appellants for the penalties claimed in the declaration.

So much of the special breach as seeks to recover of the appellants the sum of $7,890 60, as the balance found to be due from Cross on the alleged settlement made by the county court, is also materially defective.

It alleges merely an ex parte preliminary settlement by the court, and avers no such final judgment, as is contemplated by the statute (*Sec.* 41.) See *Jones et al. vs. State use etc.*, 14 *Ark.* 171; *Trice vs. Crittenden Co.* 2 *Eng.* 163.

It is true that Cross being dead, the notice before final judgment contemplated by the statute, as held in *Trice vs. Crittenden Co.*, could not be given to him, but it would be proper to give the notice to his administrator.

On the death of Cross it was the appropriate duty of his administrator to make settlement with the county court, of his accounts as collector, and to pay into the county treasury, upon the final order of the court, any balance found to be due

from him, if the money remained on hand, at the time of the death of Cross, as a trust fund, not wasted or converted by him. If the administrator found no money on hand, kept as a trust fund belonging to the county, the amount found due upon such settlement, and ordered to be paid over, would be a charge against the estate of Cross, to be paid out of the general assets, as other claims, or collected of the sureties in the official bond of Cross.

In any event, whether the administrator proceeded to make the settlement voluntarily, or the court proceeded of its own motion to adjust and settle the accounts of the collector, no action could be maintained against the sureties of the collector until the county court rendered a final judgment upon the settlement.

This is upon the principle that it is the province of the county court to adjust and settle the accounts of the collector, and that they cannot be settled in the circuit court, in an action on the collector's bond, against the sureties. *Jones et al. vs. State use, etc.*, 14 *Ark.* 163.

The judgment must be reversed, and the cause remanded, with instructions to the court to permit the plaintiff to amend her declaration.