# Means *v.* Hicks' Adm'r.

65 241
†121 551

*Bill in Equity by Surety, against Fraudulent or Voluntary Grantees of Deceased Co-Surety.*

1. *Fraudulent and voluntary conveyances ; who may assail.*—A fraudulent or voluntary conveyance is valid and operative as between the parties, and can only be assailed by a creditor of the grantor, or a purchaser from him.

2. *Same ; liability of such grantee, and defenses by him.*—The theory on which a creditor of the deceased grantor may maintain a bill in equity against the fraudulent or voluntary grantee, is that he is an executor *de son tort* ; and he may set up any defense against the asserted claim or demand, which might be made by the decedent himself, if living, or by his rightful personal representative.

3. *Settlement of accounts of deceased administrator ; admissibility and effect as evidence against sureties.*—A decree rendered by the Probate Court, on final settlement of the accounts of a deceased administrator, by his personal representative, is, as to the sureties on his official bond, *res inter alios acta*, and evidence only of the fact of its rendition.

4. *Decree against surety ; admissibility against co-surety.*—A decree in chancery against one of the sureties on the official bond of a deceased administrator, in favor of a succeeding administrator, founded on the default of the deceased administrator, is not competent or admissible evidence against a co-surety. who was not a party to the suit, to show the common liability of the sureties.


APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 24th January, 1876,

by Thomas Eatman, as the administrator of the estate of Tilman Hicks, deceased, against Charles M. B. Means, Newton C. Pyles, and Isabella C. Pyles, his wife; and sought to set aside as fraudulent, either in fact or in law, certain conveyances of property, real and personal, executed to the defendants by William S. Means in his life-time; and to subject the property to the payment of one-half of the amount which the complainant, as administrator, had paid to the personal representative of George Higginbotham, deceased, on account of the default of the former deceased administrator, Benjamin T. Higginbotham, on whose official bond the said Tilman Hicks and William S. Means were co-sureties. The opinion of this court renders it unnecessary to state the various matters which were contested in the court below. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error, with numerous rulings on objections to evidence.

W. P. WEBB, for the appellants.

COLEMAN, CLARK & McQUEEN, contra.

BRICKELL, C. J.—The bill was filed by the predecessor of the appellee in the administration of the estate of Tilman Hicks, deceased, against the appellants, as executors de son tort of William S. Means. The purpose is to set aside conveyances made by William S. Means in his life, to the appellants, of estate real and personal, because such conveyances were voluntary, or made with intent to hinder, delay, and defraud creditors, and to subject the property conveyed to the payment of one-half of a sum of money, which the complainant, as administrator of Tilman Hicks, deceased, had paid in discharge of a liability incurred by said Tilman, and said William S. Means, as the sureties of Benjamin T. Higginbotham, as administrator of George Higginbotham, deceased.

Voluntary conveyances, or conveyances made with an actual intent to hinder, delay, and defraud creditors, are valid and operative as between the parties. A creditor, or a purchaser from the donor or grantor, only, can assail them, or inquire into the consideration, or the intent moving to their excution. Hence, when a voluntary or a fraudulent donee is proceeded against as an executor de son tort—the theory on which a bill in equity is maintained against him, by one claiming to be a creditor of the deceased donor or grantor—he can make any defense against the demand with

which he is sought to be charged, that the decedent, or a rightful representative, could make. If the relation of debtor and creditor is not admitted—if it is denied—the burden of proof rests upon the creditor, as it would rest upon him, if he were proceeding against the rightful representative.—*Halfman v. Ellison*, 51 Ala. 543. The primary question, in such cases, is, whether the complainant is a creditor ; for, if he is not, he stands in the attitude of an intermeddler raising a clamor, which a court of equity would be illy employed in silencing.

There is an unqualified denial in this case, in the answers of the appellants, of the existence of any demand for which the donor or grantor was answerable. The denial cast upon the appellee the burden of proving the affirmative allegation he had made, of the existence of such a demand. The only evidence of such demand the appellee introduced, was the bond of Benjamin T. Higginbotham, as administrator of George Higginbotham, executed in 1859, in which Tilman Hicks, the intestate of the appellee, and the donor or grantor of appellants, joined as sureties. A breach of the condition of the bond, in which the intestate of the appellee, and the donor or grantor of the appellants, would be involved in liability, was attempted to be shown only by a settlement of the administration of Benjamin T. Higginbotham, the principal, not made by him, but made by his administrator after his death, and after the death of William S. Means, the donor or grantor. In addition, there was evidence of a decree rendered against the administrator of Tilman Hicks, in the Court of Chancery, at the suit of the administrator *de bonis non* of George Higginbotham, and proof of payment of the latter decree. Now, the bond of an administrator imports only a conditional liability upon him and his sureties. There is never a liability imposed upon the principal or his sureties, ripening into a debt, converting the bond into a cause of action, until it appears that the condition of the bond has been broken. Of that fact, essential to place the appellee in the relation of creditor, having a right, legal or equitable, to assail any transaction with William S. Means, there is no other evidence, than the record of the settlement made by the administrator of Benjamin T. Higginbotham, after the death of Means, and the decree in the Court of Chancery against the administrator in chief of Tilman Hicks. The bond is merely an instrument, or adminicle of evidence. By itself, it imports only a conditional liability ; and without averment and proof of a breach of the condition, it will not create a

debt or demand, or furnish a cause of action, legal or equitable.

The evidence of a breach of the condition is the settlement and decree in the Court of Probate, made after the conveyances, after the death of William S. Means, by Pippin, the personal representative of the deceased principal, Benjamin T. Higginbotham. Whatever may be the force and effect of that settlement and decree, as between the parties and privies; however conclusive of a liability resting upon the principal, Benjamin T. Higginbotham, for which the assets in the hands of his personal representative are answerable; as to strangers it is *res inter alios acta*, and evidence of no more than the rendition of the decree. Means, and the appellants, were strangers to that settlement and decree—stood in no relation of privity to any of the parties, and were not bound or affected by it. As against them, it was improperly admitted as evidence of the liability of the principal, Benjamin T. Higginbotham, for which, by force of the bond, his sureties are responsible. *Jenkins v. Gray*, 24 Ala. 516.

The record of the suit in chancery, and the decree in favor of Clark, administrator *de bonis non* of George Higginbotham, against Eatman, the predecessor of the appellee as administrator of Tilman Hicks, was competent evidence to show the amount of the payment made by Eatman; but it was inadmissible to prove the common liability of Hicks and Means, to the satisfaction of which the latter was bound to contribute.—Brandt on Suretyship, § 246. Nor, in any event, could either of the decrees, rendered after the appellants acquired title, operate as evidence against them, of a liability resting on the grantor, William S. Means, at or prior to the conveyances.—*Troy v. Smith*, 33 Ala. 469.

As the case is presented, the appellee does not stand in the relation of a creditor of Means, and is without right against the appellants, if it was declared the conveyances to them are voluntary, or as to creditors fraudulent in fact. It is not necessary to consider any other question in the cause. The decree must be reversed, and the cause remanded.