# Taylor, Adm'r, *v.* Means.

*Bill in Equity by Surety against Fraudulent Grantees of Co-Surety, to set aside Fraudulent Conveyance, and for Contribution.*

1. *Suit by surety of administrator for contribution; effect of inventory, etc., as evidence.*—An inventory of personal property, and accounts of sales, filed in court by an administrator of a decedent's estate, and a partial settlement made by him of his administration, being official acts, are admissible in evidence on behalf of a surety claiming to have discharged a common liability, and seeking to recover contribution from his co-surety; but, of themselves, not connected with evidence of the state of the accounts of the administration of the principal, they are not sufficient to fix the extent or amount of the liability.

2. *Same; surety paying less than his share can not recover.*—A surety paying less than his share or proportion of the common debt or liability, is not entitled to recover contribution from his co-surety.

3. *Effect of judgment as evidence as against strangers.*—The record of a judgment may be used against strangers to prove the fact of the rendition of the judgment; but it can not be used to prove the cause of action involved.

APPEAL from Greene Chancery Court.

Heard before Hon. THOMAS COBBS.

This cause was before this court at a former term, when the decree of the chancery court was reversed and the cause remanded. See *Means v. Hicks*, 65 Ala. 241. The bill was filed on 24th January, 1876, by Thomas Eatman, as administrator *de bonis non* of the estate of Tillman Hicks, against Charles M. B. Means, Isabella J. Pyles, and Newton C. Pyles, her husband; and its material averments and prayer may be summarized as follows: In 1859, complainant's intestate and William S. Means became the sureties of B. T. Higginbotham, as the administrator of the estate of George G. Higginbotham, who continued to act as such administrator until 1870, when he died,

[Taylor, Adm'r, v. Means.]

utterly insolvent, and without having made a final settlement of his administration on said estate. At the time of his death, as is charged, he was indebted to the estate in an amount exceeding the sum of $5000, for assets of the estate received by him, and never accounted for, "and for which his sureties on his said bond were liable before the 10th day of April, 1866, and at the time of his death." Afterwards, Thomas C. Clark, as the administrator *de bonis non* of the estate of George G. Higginbotham, obtained a decree for $5000 and costs against complainant, as administrator of the estate of said Hicks, in said chancery court, on a bill filed against him and the administrator of the estate of B. T. Higginbotham, for the purpose of obtaining a recovery "on account of the maladministration and defaults" of the said B. T. Higginbotham, as administrator of the estate of George G. Higginbotham ; and on the 3d December, 1874, the complainant paid this decree out of funds in his hands belonging to the estate of said Hicks. The said William. S. Means died in August, 1868, without having paid any thing on account of said suretyship, and no administration has ever been granted on his estate. In April, 1866, the said Means conveyed to the said Charles M. B. Means and Isabella J. Pyles, his children, a large and valuable tract of land, constituting all the land owned by him ; and at the time of his death he owned personal property of great value, which, after his death, went into the possession of his said children, they claiming it under "some transfer or contract made by and between the said William S. Means, in his life-time, and said defendants, or some of them." As further charged, the conveyance of the land and the transfer of the personalty were voluntary, and were executed to hinder, delay and defraud said Means' creditors. The prayer of the bill is, that an account may be taken of the amount due the complainant, " as contribution from the said William S. Means, and on account of his liability as one of the sureties on said bond," and a decree be rendered therefor ; that the said conveyance of real estate be declared fraudulent and void ; and the lands thereby conveyed, and the said personal property be sold for the satisfaction of complainant's said claim. The defendants answered the bill denying, among other things, the existence of any demand for which the said William S. Means was liable to the complainant. Thomas Eatman having resigned as administrator, after the filing of the bill, John R. Taylor, the administrator *de bonis non*, was, on his own motion, made party plaintiff. The opinion does not render it necessary to set out the facts disclosed by the evidence.

On the hearing, had on pleadings and proof, the chancellor was of the opinion that the complainant was not entitled to re-

[Taylor, Adm'r, v. Means.]

lief, and caused a decree to be entered, dismissing the bill. That decree is here assigned as error.

THOS. W. COLEMAN, COLEMAN, CLARK & McQUEEN and WATTS & SONS, for appellant.

WM. P. WEBB, contra.

BRICKELL, C. J.—The only change of evidence in this cause, since it was before this court at a former term (*Means v. Hicks*, 65 Ala. 241), is the introduction of the inventory of the personal property, and accounts of sales, filed in the court of probate by Higginbotham, with the record of a partial or annual settlement of his administration. It is the duty of an executor or administrator to make and file in the court of probate an inventory of the personal property coming to his hands for administration; and he is *prima facie* chargeable with the estimated value of the property embraced in it.—*Steele v. Knox*, 10 Ala. 608; *Craig v. McGeehee*, 16 Ala. 41. It is also a duty to report and file an account of all sales of property made by him in the course of his administration, and to make annual or partial settlements of his administration. As these are official acts, they become evidence against his sureties, when it is proposed to charge them for his defaults. They are also instruments of evidence which may be resorted to, when a surety, claiming to have discharged the common liability, is seeking to recover contribution from his co-surety. These instruments are admissible evidence in this case, and tend strongly to show there was a liability resting on the administrator, for which the sureties on his official bond were answerable. But not connected with evidence of the state of the accounts of the administration of the principal, they do not lead to any safe or satisfactory conclusion as to the exent or amount of the liability. If they were accepted as fixing a liability for the value of the property embraced in the inventory, for the amount of the accounts of sales, and the balance decreed on the partial settlement, they prove too much for the purposes of the appellant. His predecessor in the administration has paid less than the intestate's just proportion of the common liability, leaving the remainder to be charged on the co-surety. A surety paying less than his share or proportion of the common debt or liability, is not entitled to recover contribution from his co-surety.—Brandt on Suretyship, § 251. If by the payment of less than his share, the common debt is entirely satisfied, he would be entitled to contribution.—*Stallworth v. Preslar*, 34 Ala. 505. Whether such was the effect of the payment made by Hick's administrator, is one of the disputed facts in the case, the answers averring

VOL. LXXIII.

that it was not made to satisfy the common liability, but by way of compromise to obtain the discharge of his intestate. It may be, if we could look into the record of the decree against Hick's administrator, it would appear that the common liability was ascertained to be the precise sum which he paid. That record is not, however, evidence against the appellees. The record of a judgment may be used against strangers to prove the fact of the rendition of the judgment; but it can not be used to prove the cause of action involved.—*Snodgrass v. Br. Bank Decatur*, 25 Ala. 161.

We find no error in the decree of the chancellor, and it must be affirmed.