## WYCOUGH v. STATE.

COUNTY TREASURER: *Action against sureties of: Settlement made by administrator.* A county treasurer at the time of his death was indebted to the county for funds belonging to it, which he had received as treasurer. His administrator made a settlement of his accounts with the county court, as provided for by the statute (*Mansf. Dig. sec,* 1200,) and suit was brought against the sureties in his official bond, to recover the amount of his indebtedness as thus ascertained. The sureties resisted a recovery on the ground that they were not parties to the proceeding in the county court and objected to the record of the settlement made there as being incompetent. evidence. *Held:* That although the settlement was made without notice to the sureties, it was competent evidence of the amount of their liability, as it was part of their undertaking, in view of the existing law, that in case of. the death of their principal, his administrator might settle his accounts.

APPEAL from *Independence* Circuit Court.
*R. H. Powell,* Judge.

*Robert Neill,* for appellant.

1.   The county court did not pursue the law as pointed out in *Secs.* 5844-7 *Mansfield's Dig.*; 14 *Ark.* 170; 7 *Ark.* 162; 22 *Ark.* 24; 24 *Id.* 146. After the preliminary adjustment under section 5844, the delinquent has until the next term to show case, etc., and is entitled to notice before a final adjustment of his accounts. *Sec.* 5847,. 7 *Ark.* 162; 24 *Ark.* 550. The action of the accounting committee was not such an adjustment as is contemplated by section 5844; it was extra-judicial, and of no validity at all.

Wycough v. State.

2. The sureties were liable only for the official mis-conduct of Lee, and not for any default of his adminis-trator. 22 *Arks.* 240; *Menflee on Off. Bonds, sec.* 686.

3. There is no sufficient charge of a breach of the bond in the complaint.

4. The adjustment by the county court is void for want of notice to appellants, as they are not bound by its settlement. They could not appeal, for they were not parties. *Sec.* 5201, *Mansf. Dig.*

*Coleman & Yancy*, for appellee.

1. *Secs.* 5839 to 5848 *Mansf Dig.* refer exclusively to settlements of collectors of revenue, and not to treasurers. *Chap. XXXVII* contains the whole law as to the county treasurers, and under section 1200 the county court made the settlement in this case. 24 *Ark.* 550.

2. Sureties on bonds are bound by the settlements of their principals without any notice. *Sec.* 138, 146 *and* 3516 *Digest.* The court merely fixes the amount of the liability of principal, and renders no judgment against the sureties. They must be sued afterwards, when they have an opportunity to be heard and show cause why they should not make good the default of their prin-cipal. Whether there was a default and the amount thereof are questions they have nothing to do with. These are settled by the county court and bind them. 24 *Ark.* 550; 39 *Id.* 172; 25 *Id.* 108.

COCKRILL, C. J. The appellants are sureties in the official bond of R. H. Lee—late treasurer of Independ-ence county. This suit was instituted against them by the state, for the benefit of the county, to recover the county funds which the county court, after a settlement with the administrator, found remained in Lee's hands at the time of his death. The complaint alleges and the

records of the county court show that preliminary steps
for a settlement were taken by the court in Lee's life-
time, through the instrumentality of a committee of
accountants called in by the county judge to aid him in
investigating the treasurer's accounts. It does not
appear that Lee had notice of this proceeding. Its only
object seems to have been to acquaint the court with the
facts necessary to an intelligent understanding of the
official accounts, when the time for final action should
come. Before the accountants made their report the
treasurer died. R. M. Desha was appointed adminis-
trator of his estate; and at the next term of the county
court thereafter, he appeared in obedience to the order
of the court and of the duty imposed upon him by the
statute, to make a settlement of his intestate's accounts
as treasurer. The administrator waived formal service
of the citation to appear and settle; and the new
treasurer being present to receive from the administrator
the public funds which had come to his possession, the
court, to quote from the record entry, "after a thorough
investigation of the books, papers and vouchers pertain-
ing to the office of the late treasurer,   *    *    *    *
found that said Richard H. Lee, deceased, late treasurer
of said county, at the time of his death was short in
the funds belonging to the county, in the sum of $2649.-
41;" and it was further found that Desha, as adminis-
trator, had in his possession $529.83, "turned over to him
as part of the funds of the county." The court, there-
upon, required the administrator to pay over that amount
to the then treasurer, placed it to Lee's credit,
found the deficit to be $2119.58 and directed the new
treasurer to collect that amount from the sureties. This
suit was instituted for that purpose.

The complaint alleged the election of Lee as

Wycough v. State.

treasurer, the execution and approval of the bond, the receipt thereafter of the county funds by Lee as treasurer, the settlement of his accounts by the county court as before detailed, and a failure to discharge the balance thus found to be due the county. The sureties' answer denies none of the allegations of the complaint; it does not deny that their principal was indebted to the county in the amount stated by the county court, but alleges that they were not required, and that no opportunity was afforded them in the county court, to show the state of their principal's accounts. This was the only defense. They raised the same question by demurrer to the complaint, and by interposing objections to the record of the county court as evidence of the amount of their liability. Their objections were all overruled. There was judgment for the plaintiff and the sureties appealed.

It is the settled doctrine in this state that no action can be maintained against the sureties on a county treasurer's bond until the accounts of the principal have been adjusted by the county court. *State v. Croft*, 24 *Ark.* 550; *Hunnicutt v. Kirkpatrick.* 39 *Id.* 172.

When the settlement is made by the principal himself, or the accounts are adjusted by the court after notice to the principal, the adjustment, in the absence of fraud or collusion, concludes any further inquiry into the state of the officers accounts, whether the sureties have notice or not. Cases, supra. *Stovall v. Banks*, 10 *Wall.* 583; 2 *Whart. Ev.* sec. 770; *Freeman on Judgments*, sec. 180; *Baylies on Sureties, p.* 140; *Shouler on Ex.* sec. 531; *Norton v. Miller*, 25 *Ark.* 108; *George v. Elms*, 46 *Id.* 260.

The county court is the tribunal designated by law for the settlement of the treasurer's accounts. The sureties, by their contract and by force of law, covenant for the faithful performance of their principal's duty to settle in accordance

COUNTY TREASURER: Action against sureties of: Settlement made by administrator.

with the orders of that tribunal, if no appeal is prosecuted from its findings. As was said by Chief Justice Watkins, in *State Bank v. Robinson*, 13 *Ark.* 221, "when one covenants in respect to the acts or omissions of another, he is bound by the act or omissions as the principal is bound by the act of the agent."

But the contention now is that the adjustment of the accounts through the administrator of the estate of the deceased principal is not within the contract of the sureties, and is not evidence against them. It has been so ruled in Alabama, in regard to the settlements of the accounts of a deceased administrator. *Means v. Hicks*, 65 *Ala.* 241; *Martin v. Ellerbe's admr*, 70 *Id.* 326. In that state there seems to be original jurisdiction in equity concurrent with the probate court, to adjust the accounts of administrators, and when an administrator dies before final settlement, equity takes the settlement of his accounts and the matter of his liability in charge, brings in the sureties and adjusts the liabilities, and decrees against all in one proceeding. But as the county court in this state has exclusive jurisdiction of the county finances, no suit can be maintained on a treasurer's bond in any court without the record evidence of the county court's adjustment of the accounts. When the official dies, how shall the settlement which is the basis for an action against the sureties be made? The statute, which was enacted long before the bond in this case was executed, devolves that duty upon the administrator or executor of the deceased official's estate. *Mansf. Dig. sec.* 1200; *acts* of 1838. The practice in accordance with the statute has been long established, and the settlement thus made has been constantly recognized by this court as laying the foundation for an action against the sureties. *Goree v. State*, 22 *Ark.* 236; *Connelly v. Weatherly*, 33 *Id.* 658; *Padgett v. State*, 45 *Id.* 495; *Smith v. Smithson*, 48 *Id.* 261.

The undertaking of these sureties was, therefore, entered into with the knowledge and consequent understanding that in case of the death of their principal, his administrator would be required to appear before the county court and make settlement of his intestate's official accounts in lieu of their principal.   It becomes then a part of their contract that he may do so.   A settlement of the account in favor of the principal made by the court in pursuance of the statute, whether before or after the officer's death, would be evidence in favor of the surety, and it is reasonable to conclude that it would be evidence against him, for this rule of evidence, like an estopel, should be mutual and bear alike on each of the parties.   *Murfree on Official Bonds, sec.* 600 *; State Bank v. Robinson, supra; Snider v. Greathouse,* 16 *Ark.* 72 *; Griffin v. State,* 37 *Id.* 437.

The case of *Garnett v. Macon,* determined by Chief Justice Marshall on the circuit in Virginia, is not inapposite. The contention was that a judgment rendered against an executor or administrator establishing the debt of a creditor, was evidence against the heir in a proceeding in equity to charge the lands of his ancestor.   The administrator completely represented the decedent as to the legal ownership of the personal property, but had no control of, or interest in the lands.   The personal assets in the hands of the administrator had to be exhausted before resort could be had to the lands which passed directly to the heir.   To do this judgment must first be obtained against the administrator, and this judgment afterwards became the foundation for the proceeding against the lands in the possession of the heir, just as the adjustment by the county court of the treasurer's accounts here is the basis for the action against the sureties. The heir was not a party to the suit in which the debt was established; he could not controvert the testimony, adduce evidence in opposition to the claim or appeal from the judg-

ment; and he did not claim under the administrator. Nevertheless Judge Marshall ruled that as the proceeding against the administrator or executor was the foundation for the proceeding against the heir, the argument for considering the judgment at law *prima facie* evidence against him of the debt was irresistible. 1 *Call. p. p.* 338-9. See also 2 *Whart. Ev. sec.* 771.

It is wholly immaterial to the result of this litigation whether the adjustment is conclusive or *prima facie* evidence, because, if it is *prima facie* only, it would stand until the sureties exonerate themselves. But no effort was made to impeach it.

If action by the county court must be had before suit on the bond, and if that court cannot act after the principal's death except upon personal notice to the sureties, it would follow that the death of the principal would be a practical discharge of a surety who remained beyond the territorial jurisdiction of the court. But as the surety makes his contract of indemnity with reference to the contingency that his principal's executor or administrator may conduct the settlement under the supervision of the court, the ends of justice cannot thus be defeated.

Finding no error in the proceedings, the judgment is affirmed.