JUDSON H. CLARK, Appellant, v. ROSANNA NORMAN and Others, Respondents.

*Bond to secure the payment of moneys collected — judgment against one surety — not evidence of a breach, in an action for contribution against a co-surety.*

When the only condition of a bond is that the principal shall pay over moneys collected by him, to the obligee, without any provision that the sureties will be bound by any judgment or decree of a court, or that the principal shall obey any such judgment or decree, the record of a judgment recovered on the bond against the principal and one of the sureties, is not evidence of the failure of the principal to perform the condition of the bond, in an action brought by the surety against whom the judgment was recovered to compel contribution from a co-surety, or the representatives of a deceased co-surety, who had no notice of the proceeding in which the judgment was obtained.

APPEAL by the plaintiff, Judson H. Clark, from a judgment of the Supreme Court, entered in the office of the clerk of Allegany county, on the 10th day of February, 1892, upon the report of a referee dismissing the plaintiff's complaint.

*Charles H. Brown*, for the appellant.

*Richardson & Robbins*, for the respondents Westfall and others.

*Armstrong & Todd*, for the respondent Rosanna Norman.

HAIGHT, J.:

On the 27th day of December, 1876, one Leonard B. Bartholamew, a deputy sheriff, as principal, and William Norman and Judson H. Clark as sureties, executed and delivered to William H. Withey, then sheriff of Allegany county, their bond in writing, conditioned that Bartholamew will pay to Withey, the said sheriff, one-half of the legal fees received by Bartholamew at any time as such deputy. Afterwards an action was brought in this court upon such bond by Withey against Bartholamew and Clark, and such proceedings were had thereon as resulted in a recovery of a judgment by Withey against them of the sum of $1,274.75 damages and costs, which judgment was subsequently paid by Clark. Norman died after the execution of the bond and before the action was commenced by Withey against Bartholamew and Clark. He left a last will and testament, which has been duly admitted to probate, in which he bequeathed all of his property to the defendants in this action, and the property and assets of the estate coming into their hands exceed in value the amount of the plaintiff's claim herein. Bartholamew was insolvent, and the defendants in this action had no notice of the action against Bartholamew and Clark, or an opportunity to defend. This action was brought to compel them to make contribution to Clark of one-half of the amount that he had been compelled to pay as the co surety of the defendants' testator. Upon the trial, the plaintiff offered in evidence the judgment roll in the action of Withey against Bartholamew and Clark. It was received in evidence for the purpose of showing the amount paid by Clark, etc., but was rejected as evidence of a failure of Bartholamew to perform the conditions of the bond. Exception was taken to this ruling, which presents the only question we are called upon to consider upon this review.

The right of contribution, as between co-sureties of a common principal, is unquestioned, and a cause of action may be maintained therefor by one who pays more than his proportionate part of the debt for which all are liable. (Baylies on Sureties and Guarantors, 317.)

Whether this right grows out of an equity which is deemed to spring up from the relation assumed by two or more co-sureties to each other, or by a contract in which each is deemed to have impliedly promised the other that he would perform his part of the

contract and pay his proportion of the loss, is not necessary to now consider. In neither case do they become co-partners or agents for each other. They are not privies, either by representation, estate or law. So that neither has the authority nor the power to represent the other, to bind him by any act, or in any manner to change or alter his relation or liability upon the instrument. (*Winchell* v. *Hicks*, 18 N. Y. 558–560.)

If the right to contribution is founded upon the principles of equity, it is that the co-surety should pay his proportionate part of that which his principal has neglected and failed to pay, and not that which his co-surety may have improperly paid, and the same is true if his liability is founded upon contract.

In order to establish the cause of action it was necessary to prove that Bartholamew, as deputy sheriff, had collected fees and the amount thereof, and that he had neglected to pay over the one-half thereof to Withey, the sheriff, as he had undertaken to do, and that Clark, the plaintiff, as the co-surety of the defendants' testator had paid the same. Can these facts be shown by the judgment against Bartholamew and Clark? It was evidence showing what had actually been done. That a suit was brought and a recovery had, the amount thereof, and that it had been paid by Clark. But is it evidence against these defendants showing that there was a breach in the condition of the bond by Bartholamew, that he had collected fees as deputy, and had neglected to account therefor to the sheriff? If so, they are bound by an adjudication in an action in which they were not parties, in which they had no notice of its prosecution, or of an opportunity to defend.

The rule we regard as elementary, that in the absence of a contract, or an agreement, a judgment in an action cannot be given in evidence on the trial of another action, unless the parties are the same, or there is a privity of blood representation, estate or law between one of the parties to it, and the person against whom it is admitted. (1 Greenleaf on Evidence, § 522; *Booth* v. *Powers*, 56 N. Y. 22; *Chatman* v. *Frank*, 5 N. Y. Supp. 448.)

We have seen there was no copartnership, agency or privity existing between the plaintiff and the defendants' testator. They may have been entire strangers. They were merely co-sureties upon Bartholamew's bond to Withey.

The condition of the bond under which a liability is claimed to· exist, contains no agreement or provision that the sureties will be. bound by any judgment or decree of a court, or that Bartholamew,. their principal, shall obey any judgment or decree. It is that he: shall pay over certain moneys collected by him to the sheriff. There: are numerous cases in which judgments obtained against the principal are binding upon the sureties, but it is because they have agreed to be so bound. As, for instance, where a bond or .undertaking is given by which the sureties agree that in case judgment shall be recovered against their principal in a certain action they will pay the amount thereof, or where the sureties have undertaken that the principal shall obey all the lawful decrees and orders of the: court, or where, under the terms of the guaranty, a judgment is: made necessary to fix the liability of· the guarantors, etc. But none· of these cases have any application to that under consideration. No· judgment against Clark was necessary in order to entitle ·him to contribution. Had he paid Withey upon demand without action,. his equities would have been as strong and his right to contribution as good. He would be entitled to recover the defendants' proportionate share of the amount that Bartholamew had retained from the sheriff in violation of his undertaking.

*Douglass* v. *Howland* (24 Wend. 35) is the leading case in this. State upon the question under consideration. In that case the principal agreed to account and pay over such sums of money as should be found owing by him. The surety agreed that the principal would perform. It was held, in an elaborate opinion, that a decree· against the principal was not evidence against the surety, unless he. had notice, and an opportunity to defend.

Brandt on Suretyship and Guaranty (§ 246, 1st ed. ; § 282, 2d ed.)· says: " Where judgment is recovered against part of the sureties in a bond which is satisfied by them, it has been held, in a suit by them against their co-sureties for contribution, that such judgment is competent evidence to show the amount of the payment made by the. plaintiffs, and the circumstances under which it was made, but not. for the purpose of proving the liability."

This question was also considered in the case of *Fletcher* v. *Jackson* (23 Vt. 581–592), and the same conclusion reached. This case: is, in many respects, similar to the one on review. A judgment had

been recovered against the surviving sureties, which they had paid. An action was then brought against the heirs at law of the deceased surety to compel contribution.

REDFIELD, J., in delivering the opinion of the court, says : " Where the suit may in the first instance be brought directly against the guarantor, the judgment against the principal, without notice to the guarantor, is not evidence ; and so too if the guarantor have notice of the suit against the principal, he is not obliged to concern himself in its defense, but may await a suit against him, and then insist upon the right to contest the whole ground.   *   *   *   We think, therefore, that although the record was evidence, like any other fact, to show the amount of the payment made by the plaintiff, and the circumstances under which it was made, we could scarcely regard it as evidence beyond that."

And to the same effect is *Thompson* v. *Young* (2 Ohio, 334) ; *Love* v. *Gibson* (2 Fla. 598) ; *Means* v. *Hicks* (65 Ala. 241).

The judgment should be affirmed.

All concurred.

Judgment appealed from affirmed.