# First National Bank of Decatur
# *v.* Pullen.

*Bill in Equity to annul a Decree obtained by Fraud.*

1. *Bill to set aside collusive decree; right of stranger to maintain direct attack.*—Whenever the existence of a judgment or decree or the proceedings thereunder injuriously affect the right or remedies of a stranger to it, he may, by original bill, directly attack such judgment or decree for fraud or collusion, and upon proof, have it set aside and annulled; and especially is this true, where such collusive judgment or decree creates or imports a lien upon property in which the stranger is interested as creditor, and the existence of such lien, or the proposed execution of the judgment or decree to its satisfaction, interferes with the right or remedy of such stranger, to realize upon his own interest in the subject matter of such suit.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed on October 25, 1899, by the appellee, J. D. Pullen, as surviving partner and as a creditor of H. S. Freeman, deceased, against W. H. Oldacre, as administrator of the estate of H. S. Freeman, deceased, R. E. Freeman, the widow of H. S. Freeman, and Olive Oldacre, the daughter of H. S. Freeman, and against the First National Bank of Decatur.

It was averred in the bill that the complainant, as surviving partner of the firm of J. D. Childers & Co.

was a creditor of H. S. Freeman, deceased, on account of goods, wares and merchandise sold to him; that H. S. Freeman had died, and W. H. Oldacre had been duly appointed administrator of his estate; that a statement of the account due the complainant, verified by affidavit of the complainant, was duly filed in the office of the probate judge of Morgan county, within twelve months from the grant of letters of administration to W. H. Oldacre, and was then docketed with a note of the time of its presentation as required by law, and that suit had been brought on said claim against the administrator; that upon the petition of W. H. Oldacre, as administrator of the estate of H. S. Freeman, deceased, the estate had been declared insolvent, and was, in fact, insolvent. It was then averred in the bill that on August 4, 1899, the First National Bank of Decatur filed a bill in equity against W. H. Oldacre, individually and as administrator of the estate of H. S. Freeman, deceased, and against Rachael E. Freeman and Olive Oldacre, in which it was averred that on January 12, 1894, the said First National Bank recovered a judgment for $2,500 against H. S. Freeman and others, a part of which judgment still remained unpaid, and in which it was further averred that on the day the judgment was rendered, the said First National Bank filed in the office of the judge of probate of Morgan county a certificate of the clerk of the court wherein the judgment was rendered, which certificate showed the court in which the judgment was rendered, the amount and date thereof, the amount of the costs, the names of the parties to the suit, the names of the plaintiff's attorneys, and that the register of said certificate showed the day of filing the same and the name of the owner of said judgment, and that said bill of the First National Bank described certain lands alleged to have been owned by said Freeman, and prayed that they be sold to satisfy the judgment which was alleged to be a lien thereon, by reason of its being registered in the probate office. The bill in the present case then averred that the allegations in the bill filed by the First National Bank, in reference to the register of the certificate of the judgment recovered by it against

Freeman, were untrue, in that neither the register nor said certificate showed who was the owner of said judgment, further than might be inferred from the mention as to who was the plaintiff in the case in which the judgment was rendered. Notwithstanding these untruthful averments, and without ascertaining the falsity thereof, the said W. H. Oldacre, as administrator, etc., joined in the answer with his co-defendants, and expressly admitted each of the averments of said bill; that without resisting the relief prayed for, except to the extent of having a dower set apart to Rachael E. Freeman, the widow of said H. S. Freeman, the said W. H. Oldacre, together with his co-defendants, by collusion with the First National Bank, permitted the court to render a decree in said cause, adjudging the existence of the lien as averred in said bill, and condemning the lands to be sold in order to satisfy said judgment. It was further averred in said bill that said decree was rendered without the taking of any testimony whatever, or without any documentary evidence or a certified copy even of the proceedings in the case where the judgment was alleged to have been rendered, and that said decree in the suit of the First National Bank was obtained solely by the collusive agreement of the parties to the injury of the complainants, and that the lands which were condemned to be sold, constituted the only property of the estate of H. S. Freeman, deceased, which were subject to the payment of the claims of the debtors of said estate. It was then averred that W. H. Oldacre, as administrator, after the rendition of the decree of the chancery court, obtained an order from the probate court for the sale of the very same lands which were condemned by the chancery decree, and had advertised the lands for sale, and that the First National Bank, in the execution of its decree, did likewise, and advertised the same lands for sale on the same day as was fixed for the sale by the administrator, and that, therefore, from the sale of the lands by the administrator and under such circumstances, there was not realized anything like the proper value of the prop-

erty, and that the complainant and the other creditors of the estate of H. S. Freeman, deceased, were greatly prejudiced and injured by said sale.

The prayer of the bill was that the chancery court take jurisdiction of the administration of the estate of II. S. Freeman, deceased, and have the same settled in such court; that the decree of the chancery court condemning the sale of the lands belonging to the estate of H. S. Freeman for the satisfaction of the judgment recovered by the First National Bank be vacated and annulled, and that the lands and all the property of the estate be condemned to sale for the satisfaction of the claims of all the creditors who have duly filed their claims against said insolvent estate. There was also a prayer for general relief.

The First National Bank filed a motion to dismiss the bill as to it for want of equity therein.

Upon the submission of the cause upon this motion, the chancellor rendered a decree overruling it. From this decree the First National Bank prosecutes the present appeal, and the rendition thereof is assigned as error.

HARRIS & EYSTER, for appellant.—The complainant in this case not having been a party or a privy to the suit by the First National Bank, could not directly attack such decree. So far as the complainant was concerned, the alleged collusive decree could have been assailed collaterally, but not in a direct proceeding.—3 Brick. Dig., 580, § 75; Bailey on Jurisdictions, §§ 155, 232; 1 Black on Judgments, § 293; Story's Equity Pleading, § 409; Bump on Fraudulent Conveyances, § 509; *Newlin v. Macafee*, 64 Ala. 357.

E. W. GODBEY and W. W. CALLAHAN, *contra*.—The bill in this case contained equity. The fact that the complainant, who was a stranger to the suit of the First National Bank, could have collaterally assailed the alleged collusive decree, rendered therein, did not preclude him from attacking such decree for fraud and collusion in a direct proceeding.—*Lee v. Lee*, 55 Ala. 590; *Corr v. Shackelford*, 68 Ala. 241; *Gay, Hardie &*

41

*Co. v. Briarfield C. & I. Co.*, 94 Ala. 303; *Alabama I. & S. Co. v. McKeever*, 112 Ala. 134; *First National Bank v. Acme White Lead & Color Co.*, 123 Ala. 344.

McCLELLAN, C. J.—Judgments and decrees of courts are binding only upon parties thereto and their privies (except of course judgments strictly *in rem* which conclude all interest in the subject-matter, the thing against which it is rendered). Strangers are not bound by them, and may attack them collaterally whenever they are interposed to affect their rights. But it does not follow that strangers may not in any case attack them by a direct proceeding seeking their annulment. To the contrary, it appears to be well established law that whenever the existence of a judgment or the uses of which it is capable and which are imminent injuriously affect the rights or remedies of a stranger to it, he may by original bill directly attack it for fraud and collusion and, upon proof, have it set aside and held for naught, and especially is this so where such collusive judgment or decree creates or imports a lien upon property in which the stranger is interested as creditor or otherwise, and the existence of such lien or the proposed execution of the judgment or decree to its satisfaction clouds or imperils the right or remedy of the third party, the stranger, to realize upon his own interest in the subject-matter.—*Gay, Hardie & Co. v. Briarfield Coal & Iron Co.*, 94 Ala. 303, 327; *Lee v. Lee*, 55 Ala. 590; *Alabama Iron & Steel Co. v. McKeever*, 112 Ala. 134; *First National Bank v. Acme White Lead Co.*, 123 Ala. 344; *Dunklin v. Harvey*, 56 Ala. 177; *Alabama National Bank v. Mary Lee Coal & R'y. Co.*, 108 Ala. 288. It is confessed by appellant's counsel in this case, that the bill filed by Pullen sufficiently charges that the decree obtained by the bank against the representative of Freeman was collusive and fraudulent, and so it does. The bill also clearly charges that by such collusion that decree declares and undertakes to enforce a preexisting registered judgment lien when no such lien ever existed, and that the existence of such decree and the alleged proposed sale under

[Lyon v. Hardin *et al.*]

it to satisfy the lien wrongfully and collusively de-
clared in it will most injuriously affect the complain-
ants and other creditors of Freeman's insolvent es-
tate.   On these averments, without considering others
of the bill which apart from these may give it equity, we
concur with the chancellor that the bill has equity, and
the decree overruling the motion to dismiss it for
want of equity will be affirmed.

Affirmed.