# Sims *v.* Mobile, J. & K. C. R. R. Company.

## *Ejectment.*

(Decided April 23, 1908. 46 South. 494.)

1. *Judgment; Conclusiveness; Parties Concluded.*—The recitals in a chancery proceeding that the parties therein named are the parties composing a certain firm, etc., are not evidence of the facts there recited as against other parties not parties to the suit.

2. *Judicial Sale; Validity of Deed Under.*—Where a decree made fifty years ago, which did not order a deed to be made, but simply barred the equity of redemption and ordered that the purchaser be let into possession, a deed made thereunder is invalid and not admissible in ejectment proceeding.

3. *Same; Deed to Supposed Heirs.*—A deed made by a register in chancery, fifty years after the date of the decree, to the supposed heirs of the purchaser under the decree is invalid, as it could only be executed by order of the court after a judicial determination as to who are the heirs of the purchaser.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by T. W. Sims and others against the Mobile, Jackson & Kansas City Railroad Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

The description of the land as shown by the complaint is as follows: "Beginning at a point at the intersection

of the eastern line of Conception street and the northern line of the levee, as shown by the map of James Dowell, recorded in Deed Book 40 S, p. 374, of the records of Mobile county, and running thence southwardly along said eastern line of Conception street projected to Mobile Bay; thence in a northeasterly direction, along Mobile Bay, to a point which would be at the intersection of the northwestern side of Mobile bay and the western line of the old Bay Road, if said western line were projected southwardly to Mobile Bay; thence northwardly, along said western line of the old Bay Road projected to the northern line of said levee; thence in a southwesterly direction, along the northern line of said levee, to the point of beginning. Also beginning at a point on the southeastern line of the right of way of the Bay Shell Road, where the eastern line of Live Oak street, if projected southwardly in the same direction which it now lies, would intersect said southeastern line; thence running in a northeasterly direction, along said southeastern line of the Bay Shell Road, to a point which would be at the intersection of the said southeastern line and the eastern line of Conception street, if the said eastern line of Conception street were projected southwardly to Mobile Bay; thence southwardly, along said eastern line of Conception street projected to Mobile Bay; thence in a southwesterly direction, along Mobile Bay, to a point where the eastern line of Live Oak street, if projected, would touch the said Mobile Bay; thence northwesterly, along the said eastern line of Live Oak street projected, to the point of beginning.

BESTOR, BESTOR & YOUNG, for appellant. The giving of the general affirmative charge was error.—*Florence B. & I. Assn., v. Shaw, et al.* 107 Ala. 531; 2 Mayf. Dig. 561. The plaintiff showed a straight chain of title back

[Sims v. Mobile, J. & K. C. R. R. Company.]

to the Government under the provisions of the act of Congress, approved April 25, 1812, and March 3, 1890; *Hallett & Walker v. Hunt*, 7 How. 589; s. c. 7 Ala. 883; *Chastang v. Armstrong*, 20 Ala. 609. The courts take judicial knowledge of the survey.—*Ledbetter v. Borland*, 128 Ala. 418. Under the facts stated the original bill and the chancery file was admissible.—*Watts v. Clegg*, 48 Ala. 561; *Duncan v. Freeman*, 109 Ala. 185. The deed from the register was made in accordance with the decree.—*Brown v. Cobell*, 76 N. C. 391; *Fleming v. Roberts*, 84 N. C. 532. The deed became operative under sec. 849, Code 1896.—6 A. & E. Ency of Law, 937; 1 Kent, 456; *Jones v. Woodstock Iron Co.* 95 Ala. 562; *Brewer v. Brewer*, 19 Ala. 481; *Burrill v. Ames*, 5 Wis. 267. Under the following authority the legal title under the circumstances would pass without the formal execution of a deed.—48 Fed. 7; 5 Md. 225; 87 Va. 323; 80 Ky. 155; 29 La. Ann. 206. By the introduction of a deed from Innerarity to Robertson, defendant admitted and acknowledged Innerarity's title, and cannot, therefore, now deny it.—*Florence B. & I. Assn. v. Shaw, et al. supra; Sullivan v. McLaughlin*, 99 Ala. 60; *Bishop v. Truitt*, 85 Ala. 376.

GREGORY L. & H. T. SMITH, for appellee Plaintiff failed to make out prima facie case and the affirmative charge was properly given for the defendant.—*Lucas v. Bank of Darien*, 2 Stew. 280; *Sims v. Shelton*, 112 Ala. 296; *Yeend v. Weeks*, 104 Ala. 332; *City Furn. Co. v. Simmons*, 111 Ala. 438; *Comer v. Sheahee*, 129 Ala. 595; *Moore v. Curry*, 106 Ala. 284; *Clancy v. Stephens*, 92 Ala. 577; *Snodgrass v. Branch Bank*, 25 Ala. 161.

SIMPSON, J.—This was a statutory action of ejectment, by the appellants against the appellee, to recover

the land described in the complaint, which will be set out in the statement of this case by the reporter.

The plaintiffs offered in evidence a copy, from the "American State Papers," of the report of the land commissioners, "founded on grants from the French, British, or Spanish governments," which merely showed Forbes & Co. to be the original claimants of "600 arpens" from the Spanish government; "date of claim, 17th April, 1807;" "where sustained, Choctaw Point;" "surveyed April 14, 1807," etc. Admitting that this paper can be considered evidence under section 1813 of the Civil Code of 1896, there is nothing in the description to identify the land therein mentioned as the same as that sued for.

They next offered a certified copy of a patent from the United States government, issued to John Forbes & Co., "bearing date 21st December, 1904," of section 37, township 4, range 1 west, reciting that the certificate from the Montgomery land office had been deposited; but it does not show when the certificate was issued, which is equally defective as to description. The proceedings in chancery, in the case of *Innerarity v. Forbes and Campbell*, by which certain lands were sold, sometimes described as Choctaw Point, again as section 37, and then by boundaries not corresponding with those set out in the complaint, are equally defective. It may be said, also, in regard to these chancery proceedings, that as to third parties they are not evidence of the facts therein recited, to wit, that the parties therein named were really the parties who composed the firm of John Forbes & Co., etc.—2 Black on Judgments, §§ 600, 604; *Taylor, Adm'r, v. Means*, 73 Ala. 468; *First National Bank v. Pullen*, 129 Ala. 638, 642, 29 South. 685.

Deeds were then offered, but none of them described the land as set out in the complaint, and there was no

testimony identifying the land. Certain maps were excluded, which are subject to the same objection, and those admitted to not indicate the same land as that described in the complaint.

The fourth assignment of error complains of the exclusion of a deed to plaintiff executed by Charles K. Holt as register in chancery. This deed was dated more than 50 years after the decree, and in addition the decree did not direct the register or any one else to make a deed. It simply barred the equity of redemption, and ordered the purchaser to be let into possession. The deed was properly excluded, for the above reasons, and also by reason of the fact that the deed was not made to the purchaser at the sale, but the register undertook to decide who were the lawful heirs of the purchaser, and made a deed to them. After so long a time, and a change in the person who occupied the office of register, even if a deed had been ordered it could only be executed by order of the court after a judicial determination of the question as to who were the heirs of the purchaser. 17 Am. & Eng. Ency. Law (2d Ed.) pp. 1030, 1031.

Other irregularities might be pointed out, but sufficient has been said to show that the plaintiff failed to make out a prima facie case, and the defendant was entitled to the general charge as given. That being the case, it is unnecessary to consider objections raised to evidence offered by the defendant.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.